IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.                              ) | 2:06cr155-MHT |
| ) | |
| QUINTRELL MARTIN         ) | |

### ORDER

This cause is before the court on defendant Quintrell Martin's motions for reconsideration of an earlier denial of an unopposed motion to continue trial.  Based of the arguments presented during an on-the-record conference on October 6, 2006, and for the reasons set forth below, the court concludes that the motions should be granted and jury selection and trial, now set for October 30, 2006, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir.), cert. denied, 479 U.S. 823, 107 S. Ct. 93 (1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into

account the exercise of due diligence." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Martin in a speedy trial. Martin represents that he currently is negotiating with the government concerning a possible plea bargain, but that the October 30 trial date does not provide enough time for the parties to discuss fully the terms and conditions of any such plea. A continuance is warranted to enable Martin the opportunity to fully pursue this option; that is, a continuance is necessary to enable him to effectively prepare for trial by exploring his plea bargain options in light of the state criminal charges he faces in conjunction with the federal charges in this case. In addition, Martin has filed a waiver of his sixth amendment and Speedy Trial Act rights.

Accordingly, it is ORDERED as follows:

(1) Defendant Quintrell Martin's motions for reconsideration (doc. nos. 19 & 21) are granted.

(2) The jury selection and trial, now set for October 30, 2006, are reset for February 5, 2006, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 6th day of October, 2006.

                                        /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE