IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>          v.            )<br>)<br>QUINTRELL MARTIN          ) | CR. NO. 2:06cr155-MHT |

**PLEA AGREEMENT**

DEFENSE COUNSEL:         RICHARD KEITH

ASSISTANT U.S. ATTORNEY:  VERNE H. SPEIRS

**COUNT AND STATUTE CHARGED:**

Count 1      <u>18 U.S.C. § 922(g)(1)</u>
             Felon in possession of a firearm.

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1      18 U.S.C. § 922(g)(1)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1      <u>18 U.S.C. § 922(g)(1)</u>
             NMT 10Y or
             NMT $250,000 or both;
             NMT 3Y SUP REL;
             $100 AF;
             VWPA.

             <u>IF CONVICTED UNDER 18 USC 924(e)(1)</u>
             (Armed Career Criminal)
             NMT $250,000 or twice gross loss
             to victim or twice gross gain
             to defendant; whichever is greatest;
             NLT 15Y, or both
             NMT 3Y SUP REL;
             $100 Assessment Fee;
             VWPA

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 922(g)(1)</u>

First:   The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

Second:  Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

*************************************************************

Verne H. Speirs, Assistant United States Attorney and Richard Keith, attorney for the Defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the Defendant will be allowed to withdraw the Defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and Defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the Defendant to the offense charged in Count 1 of the Indictment, the attorney for the United States will do the following:

    a. The United States will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate, so long as the Defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the United States find the Defendant assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the Defendant met the Defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b. The parties agree that defendant potentially qualifies as an Armed Career Criminal pursuant to 18 U.S.C. 924(e). Subject to proof of adequate prior convictions, both

parties agree that a specific sentence of **250** months is reasonable in this case. A sentence of 250 months includes defendant's acceptance of responsibility and any other potential enhancements under the United States Sentencing Guidelines.

  c. Should defendant indeed qualify as an Armed Career Criminal, the United States agrees that the provisions of U.S.S.G § 5G1.3(b) are applicable to any term of imprisonment defendant has served in the State of Alabama relative to his participation in State offenses occurring July 28, 2004. If defendant is not shown to be an Armed Career Criminal, this provision shall have no force an effect.

  d. The parties agree, pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure not to seek additional federal charges surrounding the July 28, 2004, death of Johnny Jackson or the possession or distribution of controlled substances on or about July 28, 2004, in Montgomery County, Alabama. Outside the Middle District of Alabama, this provision shall have no force and effect upon any other investigating or prosecuting agency or jurisdiction of the United States. This provision shall have no force and effect upon the State of Alabama or any of its investigating or prosecuting entities.

  d. The United States agrees, pursuant to U.S.S.G. 5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure, that a downward departure or later adjustment in Defendant's applicable

sentence as calculated by the United States Probation Office, Middle District of Alabama **may be** appropriate. Nevertheless, the extent of any downward departure or adjustment is at the **sole discretion** of the United States and will entirely depend upon the extent of Defendant's cooperation and assistance with the investigation and prosecution of any and all crimes of which the Defendant has knowledge. The United States agrees to consider in making any recommendation for downward departure any "substantial assistance" defendant gives to the State of Alabama. A determination of what constitutes "substantial assistance to the State of Alabama" shall be made by a prosecuting entity of the State of Alabama. In any event, the ultimate amount of any downward departure or adjustment shall remain in the sole discretion of the United States.

    2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

### DEFENDANT'S PROVISIONS

    3. The Defendant agrees to the following:

        a.   To plead guilty to Count 1 of the Indictment.

        b.   To forfeit all firearms in his possession.

        c.   Not commit any State, local or federal offenses.

5

      d.    Comply fully with the Cooperation Agreement detailed below.

### COOPERATION AGREEMENT

4. The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of other persons involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge, including the death of Johnny Jackson or the death of any other individuals.

      a.    The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The Defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the United States. He agrees to fully and truthfully disclose to the United States everything he knows about any and all documents and materials in his possession that relate to

violations of federal firearms statutes and any other criminal violations, federal or State, in the Middle District of Alabama and elsewhere. The Defendant agrees to submit to a polygraph examination conducted by the United States if requested to do so.

      b.    Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The Defendant understands that this agreement does not bar his prosecution for capital felonies (except for any federal charges stemming from the death of Johnny Jackson), perjury, false statements, and obstruction of justice.

      c.    If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the United States investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in

all of those prosecutions and sentencings the Indictment and documents that he has himself disclosed or furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this agreement. Defendant further understands that upon any breach of this plea agreement, by the Defendant, he will not be entitled to withdraw his guilty plea in this case.

## **FACTUAL BASIS**

On or about July 28, 2004, in Montgomery County, within the Middle District of Alabama, QUINTRELL MARTIN, defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the State of Alabama, to-wit:

1) January 31, 2002 - Robbery in the third degree, case number CC2000-1140 in the Circuit Court of Montgomery County, Alabama;

2) April 4, 1995 - Distribution of Controlled Substances, case number JU1991-970-08 in the Circuit Court of Montgomery County, Alabama;

3) December 18, 1991 - Burglary in the first degree, case number JU1991-970-01 in the Circuit Court of Montgomery County, Alabama;

did knowingly possess in and affecting commerce firearms, to-wit: an Heckler & Koch USP .40 caliber, semi-automatic pistol,

8

serial number 22-43466, and a Ruger P95DC 9mm semi-automatic pistol, serial number 313-75093 in violation of Title 18, United States Code, Section, 922(g)(1), and 924(e)(1)

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a Defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The Defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the United States and the attorney for the Defendant towards reaching

9

an agreed plea in this case have taken place with the Defendant's authorization and consent.

      b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

      c. The Defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the Defendant on the date of sentencing. The Defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief.

      d. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

      e. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine

witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

    f. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

h. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

i. The Defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the Court.

j. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

k. The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

5. The undersigned attorneys for the United States and for the Defendant represent to the court that the foregoing Plea

Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

      6. The Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the

Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney. In the event that the Court determines the Defendant's offense level or criminal history category is higher than the Defendant anticipated, the Defendant will not have the right to withdraw the plea on that basis.

This 24th day of January, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Louis V. Franklin, Sr.
Criminal Chief

/s/ Verne H. Speirs
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

14

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL,_____.

_____
Quintrell Martin/DEFENDANT

1-29-07
Date

_____
Richard Keith
Attorney for the Defendant

1-29-07
Date