IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cr-0155-MHT-SRW |
| ) | |
| QUINTRELL MARTIN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SUPPLEMENT TO ARGUMENT AGAINST USING JUVENILE BURGLARY DELINQUENCY IN THE FIRST DEGREE AS AN ENHANCEMENT FOR ARMED CAREER CRIMINAL PURPOSES

COMES NOW, the defendant, Quintrell Martin, by and through Richard K. Keith, Attorney at Law, and seeks to supplement its argument against using juvenile Burglary delinquency in the First Degree as an enhancement for Armed Career Criminal Purposes based on the following grounds:

### Legislative Intent

The Supreme Court of the United States in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990), discussed the legislative history of the Armed Career Criminal Act (A.C.C.A.) and the purposes of sentence enhancement. Much debate ensued in Congress over sentence enhancement, leaving no clear legislative intent behind the A.C.C.A.

> The word 'burglary' has not been given a single accepted meaning by the state courts; the criminal codes of States define burglary in many different ways. On the face of the federal enhancement provision, it is not readily apparent whether Congress intended 'burglary' to mean whatever the State of the defendant's prior conviction defines as burglary, or whether it intended that some uniform definition of burglary be applied to all cases in which the Government seeks a §924(e) enhancement. And if Congress intended that a uniform definition of burglary be applied, was that definition to be the traditional common law definition, or one of the broader 'generic' definitions articulated in the Model Penal Code and in a predecessor statute to §924(e), or some other definition specifically tailored to the purposes of the enhancement statutes? Id. at 2149.

1

The court looked at findings that the definition of burglary varied among the states, providing discontinuity in the courts. The legislature recognized the need for the same type of conduct to be punishable on the Federal level in all cases. The A.C.C.A. was amended a number of times and the definition of burglary was revamped several times, and even deleted once. Different definitions were proposed both broadening and narrowing the meaning of burglary. Id. at 2152.

> First, throughout the history of the enhancement provision, Congress focused its efforts on career offenders- those who commit a large number of fairly serious crimes as their means of livelihood, and who, because they possess weapons, present at least a potential threat of harm to persons. (Only H.R. 4768, rejected by the House Subcommittee, would have restricted the predicate offenses to crimes actually involving crimes against persons). The legislative history also indicates that Congress singled out burglary for inclusion as a predicate offense, both in 1984 and in 1986, because of its inherent potential for harm to persons. Id.

Evidence existed that Congress intended for the enhancement provision to be triggered by crimes with specific elements. Just because a state happened to label a crime burglary does not mean it would qualify for enhancement. The legislative history indicates Congress meant to protect offenders from "the unfairness of having enhancement depend upon the label employed by the State of conviction." Id. at 2153.

> Nor is there any indication that Congress ever abandoned its general approach, in designating predicate offenses, of using uniform, categorical definitions to capture all offenses of a certain level of seriousness that involve violence or an inherent risk thereof, and that are likely to be committed by career offenders, regardless of technical definitions and labels under state law. Id. at 2154.

It is clear from this legislative history that Congress intended to enhance the sentences of those who were armed and posed a threat to other human lives. In the Defendant's case, it is not clear that he possessed a weapon or posed a threat to life in the Burglary Delinquency. To use that delinquency as an enhancement for Armed Career Criminal Purposes clearly goes against the legislative intent behind the A.C.C.A.

Respectfully submitted this 24th day of April 2007.

        s/ Richard K. Keith
        **RICHARD K. KEITH (KEI003)**
        Attorney for Defendant
        **KEITH & DUBIN, P.C.**
        22 Scott Street
        Montgomery, AL  36104-4012
        Telephone: (334) 264-6776
        Facsimile:  (334) 265-5362

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Verne H. Speirs, AUSA
Post Office Box 197
Montgomery, AL  36101-0197

        s/ Richard K. Keith
        **OF COUNSEL**